## BOY STRUCK BY AUTOMOBILE.

Common Pleas Court of Franklin County.

RAY S. BATES, ADMINISTRATOR, v. JOSEPH A. JEFFREY ET AL. [*]

Decided, March 24, 1911.

*Negligence—Boy Drops off Rear of Wagon and is Struck by Automobile Following—Owner of Machine Not Liable.*

The owner of an automobile, operated at reasonable speed and attempting to pass around a slowly moving wagon, is not liable for striking a boy, who with other children was clinging to the wagon

---

[*] Affirmed without opinion, *Jeffrey* v. *Bates,* 88 Ohio State, —.

and who dropped off after the horn on the automobile had sounded and he had looked around and observed its approach.

*M. B. Earnhart,* for the plaintiff.
*Arnold & Gaine,* contra.

DILLON, J. (orally).

I have given more than usual time to the motion in this case. In fact, I have given it more than I think any motion since have been on this bench. It is my duty to do so in such a case as this. An accident of this kind appeals to the human side of a judge as well as to counsel and men generally, and it becomes the court, therefore, in such a case to exercise his judgment with the greatest care.

It is claimed on the part of the defendant by this motion that there is no evidence of negligence shown in this case. I am bound to take the same view that the defense has in this case, that there is not any evidence of negligence.

The evidence in this case is undisputed as to the fact that the horse hauling the milk wagon was walking, the driver of it, Barnes, in the front end, several boys inside, and the unfortunate boy on the step at the side; when about seventy-five yards away the driver of the automobile blew his horn; the little boy turned around and looked; it attracted his attention; he then stepped off of this slowly moving milk wagon; then he stepped back up again; the automobile continued to approach, and the driver blew his horn once more and started to coast around the wagon; the little boy stepped or jumped off. One of the witnesses, little Verner, says he was going over to the curb, and that is confirmed by the chauffeur, although those things occur so quickly that it is difficult to tell. But whether he jumped and stood or whether he was running toward the curb, the automobile stopped in about six feet. It shows, therefore, that the brake must have been applied immediately; because a car, such as a thirty horse power Packard machine of that 1910 model, going at the rate of about six or seven miles an hour, would stop in that distance if the brake were immediately applied.

We have, therefore, but one claim on the part of plaintiff, which, boiled down, means this: that it was negligence for the driver of the machine to attempt to pass the wagon with the boy there, for the reason that the nature of a child is such that it is apt to jump off or liable to do this or that, and that for that reason the driver is bound to anticipate that a child might jump off and he should not attempt to pass the wagon. If we carry that doctrine to its legal conclusion it simply means that no one driving a street car or a. horse and buggy or an automobile would dare pass any other vehicle containing children. Here is a man driving his horse and buggy along the street and a child is standing on the curb; he is liable to run out. If he suddenly jumps out and the person driving the vehicle was not guilty of any negligence at the time, it is a mere accident. The chauffeur, therefore, was bound under the law to exercise reasonable care. It was not negligence for him to be running his machine at the rate of about six miles an hour. It was not negligence for him to try to pass the milk wagon in the proper way. There is no evidence here that he attempted to pass in an improper way.

If I could see the allegations of this petition sustained by a scintilla of evidence to the effect that the machine came up in such a manner as to frighten the child, making a noise, blowing the horn or making some noise suddenly without warning in such a manner as to frighten the child, there would be no question about that, because that will frighten a man as well as a boy. A man might jump under those circumstances. But in this case that allegation is not sustained. On the contrary, the evidence shows that the machine was not making an unusual noise; none of the witnesses heard the noise. But it did not make enough noise to attract the attention of the boys inside or the driver, so far as the evidence here shows, although Barnes has not testified.

The motion, therefore, must be sustained.